In the Matter of James **CITROEN**,
Appellant.

No. 330, Docket 25599.

United States Court of Appeals
Second Circuit.

Argued May 11, 1959.

Decided June 9, 1959.

Moore, Circuit Judge, dissenting.

Henry A. Lowenberg, New York City, for appellant. Sydney Hyman, New York City, on the brief.

Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., for appellee. Aaron E. Koota and William Sonenshine, Asst. Dist. Attys., Brooklyn, N. Y., of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

Appellant was subpoenaed to appear before the Kings County Grand Jury in connection with its investigation into "ambulance chasing." He attempted unsuccessfully to have the subpoena quashed in the courts of the state. Having exhausted state remedies, he sought by motion to have the subpoena quashed by the District Court for the Eastern District of New York. As we understand Judge Rayfiel's opinion, not yet officially reported, it denied the motion on the merits. For reasons about to be stated we think the motion should have been dismissed for lack of jurisdiction.

Appellant's motion asserts that the Grand Jury cannot grant immunity from prosecution for certain state crimes, and that "To compel this witness, James Citroen, to testify before the Grand Jury that has the power of granting only limited immunity from prosecution, would surely be a violation of Article XIV of the Constitution of the United States * * *" The motion is premature. No question has yet been put to the witness. When he is questioned, he may or may not claim the privilege

against self-incrimination. If he claims it, the Grand Jury may or may not offer him immunity. His motion assumes that he will claim his privilege and that they will then offer immunity. What his motion asks the court to do is to render an advisory opinion as to the scope of the immunity protection under § 2447, N.Y. Penal Law, McKinney's Consol.Laws, c. 40, if immunity is hereafter offered him, and as to the constitutionality of such a grant of immunity. The court lacked jurisdiction to render an advisory opinion. United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 89–91, 67 S.Ct. 556, 91 L.Ed. 754.

Order reversed and cause remanded with directions to dismiss for lack of jurisdiction.

MOORE, Circuit Judge (dissenting).

I do not agree with dismissal for lack of jurisdiction. It seems clear to me that jurisdiction is being confused with right to relief. The petitioner had the privilege of entering the federal court to claim that his constitutional rights were being violated. This gives the court jurisdiction. The fact that we believe that he was premature or that no federal question was raised or that he was not entitled to have his motion granted does not mean that the court had no jurisdiction to entertain his motion.

Unlike the employees in United Public Workers of America (C.I.O.) v. Mitchell, 1947, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754, the petitioner here had been served with a subpoena. In moving to have the subpoena quashed on constitutional grounds he asked the district court for immediate relief from what he asserted was an unconstitutional interference. The employees in United Public Workers did not allege that anything had been done to affect them or their property. They asked for an advisory opinion which would protect them in the event that they might decide to do certain things which they desired to do and which they feared would be violations of an unconstitutional statute. It was to erase their inhibiting fear of dismissal under the statute that they brought their action. Their only "controversy" was an abstract political disagreement with Congress, not founded upon the immediate injury or threat of injury which the courts are empowered to prevent.

I would affirm on the merits.